No. 3726

Second Circuit

POLICE JURY OF BIENVILLE PARISH v. SUTTON

(December 23, 1930.   Opinion and Decree.)
(January 27, 1931.   Rehearing Refused.)

W. D. Goff, of Arcadia, attorney for plaintiff, appellee.

J. Rush Wimberly, of Arcadia, attorney for defendant, appellant.

WEBB, J.  Plaintiff, Police Jury of Bienville Parish, brought this action against defendant, Frank Sutton, to expropriate a right of way for a public highway over and across certain lands of defendant described as the N. E. ¼ of N. W. ¼ and W. ½ of N. W. ¼ of N. E. ¼, Sec. 4, T. 18 N., R. 5 W., of Louisiana.

There was attached to the petition a plan showing the land and right of way proposed to be expropriated, from which it appears that the right of way was to be sixty feet in width, beginning a short distance north of the southwest corner running thence towards the northwest through the tract a distance of approximately 109 rods to a point south of the northwest corner.

In answer to plaintiff's demands, defendant set up that there would be some additional land rendered valueless by locating the highway as shown by the plan, and that the value of the land sought to be expropriated, together with that which would be rendered valueless by the expropriation, would be in excess of $500; that it would be necessary to fence both sides of the highway at a cost of $528; that the property would be damaged as a whole in excess of $500, and he prayed for judgment in reconvention against plaintiff in the sum of $1,528.

On trial judgment was rendered in favor of plaintiff ordering the expropriation of the right of way, and in favor of defendant in the sum of $450, with legal interest from date of judgment and all costs, from which judgment defendant appealed, and plaintiff has answered the appeal praying that the judgment in favor of defendant

be amended and the amount awarded be reduced to $150.

The evidence shows that there was a public road across the property which was paralleled at a distance of about one hundred and twenty-five or thirty feet by the right of way sought to be expropriated; that the residence was located between the old road and the proposed new road, and fronting on the old road, which had been fenced. The plan does not show the location of the old road, or of any of the improvements on the property, and while the witnesses called with reference to the damage, which defendant alleged would be sustained by the property as a whole, or the damage which defendant would sustain aside from the loss of the property taken and cost of fencing, referred to the inconvenience of the stock passing over the road from one pasture to another, and the necessity of moving the residence so that it would front towards the proposed new road, there was not any estimate of the extent of inconvenience which would be suffered, or more than a guess as to the amount which it would cost to move the house.

Besides, it clearly appears from the evidence that, with regard to moving the cattle across the road from one pasture to the other, defendant labored under the same inconvenience when the old road was used, and there is nothing in the record which indicates that access to the premises, on which the residence and outhouses were located, would be interfered with by the new road, but the evidence shows to the contrary. There is not any evidence which indicates that the new road will cut the property into parcels of any more inconvenient shape than the old road did, the evidence indicating to the contrary, and there is not any suggestion that the construction of the hard surfaced road through the property will diminish its value. We find that the evidence does not warrant any allowance under the claim for damages of the property as a whole, or damages as distinguished from the amount which should be allowed for the value of the property expropriated, or might be due for fences, which, as stated, defendant claimed as distinct damages.

With relation to the claim for an allowance to build a fence along the right of way, or sides of the proposed new road: The record shows that the right of way sought to be expropriated was approximately 109 rods in length and defendant introduced evidence showing that a fence would cost from 80 cents to $1 per rod, depending on the type of fence. And appellant contends that an allowance should be made for the better type of fence, on the ground, we presume, that he desired to keep all character of cattle and poultry off the road. However, there is not any evidence that defendant raised or intended to raise poultry on the land, and while the evidence shows that he had used a part of the property for pasture and that it would be necessary to fence the roadway, it is not shown that the cheaper fence would not be sufficient, or that it would not be as good as the other fences on the property, and, under the evidence, we do not think any allowance for fences should be made in excess of $174.40 (Street v. New Orleans, Ft. Jackson & Grand Isle R. Co., 43 La. Ann. 116, 9 So. 15).

Appellant contends that the evidence shows that there would be approximately five acres of land taken, or rendered useless, which was worth at least $50 per acre, and that $250 should be allowed for that item.

The plan, and evidence of the engineers, shows that only 3.039 acres were expropriated, and we do not find any evidence in the record showing that any other part of the tract will be rendered valueless or affected by reason of the expropriation; and while there was some conflict in the evidence relative to the value of the land, we do not find that the preponderance of the evidence established that the value was in excess of $150.

It is therefore ordered that the judgment appealed from be amended, and the amount awarded defendant be reduced from $450 to $324.40, and as thus amended, the judgment is affirmed, at appellee's cost.